UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA,

        Petitioner,

     v.                              CASE NO. 8:10-mc-9-T-33MAP

WILLIAM G. MORGAN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is an action for judicial enforcement of an Internal Revenue Service summons pursuant to 26 U.S.C. §§ 7402(b) and 7604(a).[1] To obtain judicial enforcement of an Internal Revenue Service summons, the government must show: (1) the IRS investigation is being conducted for a proper purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Medlin,* 986 F.2d 463, 466 (11th Cir. 1992). As it has done in this instance, the government can satisfy its *Powell* burden simply by presenting a sworn affidavit of the agent who issued the summons attesting to these facts. *Medlin,* 986 F.2d at 466. Once the IRS makes this showing, the burden shifts to the party contesting the summons to disprove at least one of *Powell's* four elements. *Id.* Alternatively, the protesting party could convince the court that the judicial enforcement would constitute an abuse of the court's process. *Id.* In any event, the burden on the contesting party is a heavy one which requires allegations of specific facts and the introduction of

---

[1] This matter is referred to me pursuant to Local Rule 6.01(c)(11).

evidence.  *United States v. Leventhal,* 961 F.2d 936, 940 (11th Cir. 1992).

In July 2009, the IRS issued a summons directing the Respondent to appear on July 30, 2009, before a designated agent (Revenue Officer Morris) to give testimony and provide records pertaining to the period from July 1, 2008 through the date of compliance with the summons.  The summons sought this information to assist in collection of Respondent's income tax liability for the periods ending December 31, 2000; December 31, 2001; and December 31, 2002 as well as individual civil penalty assessments for the periods ending December 31, 2000 and December 31, 2001. Respondent failed to appear; consequently, the government filed the instant petition to enforce the summons (doc. 1).  On January 20, 2010, I issued an order directing Respondent to appear before me on March 19, 2010, to demonstrate why he should not be compelled to comply with the summons served upon him on July 9, 2009 (doc. 2).  That show cause order also provided Respondent an opportunity to present any defense or opposition to the petition prior to the hearing.  Within the specified time, Respondent filed his response and the government subsequently filed a reply addressing the issues identified in Respondent's response (docs. 4, 7).

Here, the government clearly met its *Powell* requirements.  Accordingly, the burden passed to Respondent to disprove one of *Powell's* four elements or convince the Court that enforcement of the summons would not constitute an abuse of the Court's process.  At the hearing on this matter, Respondent informed the Court he has agreed to waive the objections he asserted in his response to the petition.  Further, he has agreed to appear at 3848 W. Columbus Drive, Stop 5237, Tampa, Florida 33607 at noon on March 31, 2010, to provide all documents and records he possesses or controls regarding assets, liabilities, or accounts held in his name or for his benefit, foreign or domestic, which he wholly or partially owns, or in which he has a security interest for the period

from July 1, 2008 through March 31, 2010, or such other date as the parties may agree.

Accordingly, it is hereby

RECOMMENDED:

1. The petition to enforce the Internal Revenue Summons (doc. 1) be granted.

2. The Court enforce the Internal Revenue Summons served upon Respondent on July 9, 2009.

3. The Respondent, William G. Morgan, be directed to appear at 3848 W. Columbus Drive, Stop 5237, Tampa, Florida 33607 at noon on March 31, 2010, with the books, records, papers, or other data requested in the summons.

IT IS SO REPORTED on this 19th day of March, 2010.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

Copies furnished to:
Hon. Virginia M. Hernandez Covington
Counsel of Record
Respondent